UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-09-cv-01043 |
| | § | |
| 12 FIREARMS AND ASSORTED ROUNDS OF AMMUNITION, | § | |
| | § | |
| | § | |
| Defendants in rem. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This is a civil forfeiture action *in rem* brought by the United States of America (the "Government"), pursuant to 18 U.S.C. § 924(d)(1), seeking the forfeiture of twelve firearms and 322 assorted rounds of ammunition seized during a search of Steven Walter Cooke's residence in Tomball, Texas on October 23, 2008.  Pending before the Court is the Government's motion for summary judgment (Dkt. Entry No. 17).  Despite notice and an explanation of the consequences associated with a failure to respond to the instant motion, no response has been filed by the claimant or otherwise.  After having carefully evaluated the motion, the record, the undisputed facts and the applicable law, the Court determines that the Government's motion for summary judgment should be GRANTED.

**II.   FACTUAL BACKGROUND**

On October 16, 2008, Steven W. Cooke ("S. Cooke"), a convicted felon, was arrested in Polk County, Texas and charged with being a felon in possession of a firearm.[1]  During a search

---

[1] The record reveals that S. Cooke was previously convicted of the following felonious offenses: (i) aggravated assault with a deadly weapon and robbery on Aug. 18, 1987; (ii) possession of crack cocaine on Feb. 25, 1993; and (iii) theft of a firearm on Nov. 19, 1999.

of his vehicle upon his arrest, the Polk County Sheriff's Department discovered, *inter alia*, two firearms and photographs of S. Cooke showing him possessing several other firearms distinct from those seized at the time of his arrest. Consequently, on October 23, 2008, while S. Cooke remained in jail in Polk County, Texas, agents with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), along with local law enforcement officers, conducted a "knock and talk" at S. Cooke's residence in Tomball, Texas. At the time of their arrival, the only person present at S. Cooke's residence was his elderly mother, Ima Cooke, who had taken refuge at S. Cooke's residence after her home was severely damaged by Hurricane Ike. Ms. Cooke eventually agreed to let the officers into the residence, where they began to discuss the nature of their investigation and apparently observed a shotgun shell and an adjacent gun safe in plain view. When asked about the gun safe, Ms. Cooke informed the officers that: (1) her deceased husband had left the firearms located in the gun safe to her son, S. Cooke, when he died; (2) the firearms had been stored at her home in Rye, Texas until it was destroyed by Hurricane Ike; and (3) following Hurricane Ike she brought the guns with her to S. Cooke's residence and he purchased a gun safe in which to store them. Based on this information, the officers secured a state search warrant for S. Cooke's residence and, following execution of the warrant, uncovered several firearms, ammunition and body armor located in a locked gun safe in S. Cooke's bedroom. After inspection, ATF determined that the firearms and ammunition were manufactured outside the state of Texas and had been shipped and/or transported in interstate commerce.

Sometime thereafter, ATF initiated an administrative forfeiture action for the firearms and ammunition, during which, Debbie Cooke, S. Cooke's sister, filed a Seized Asset Claim Form dated December 19, 2008, seeking to recover the property seized. In her claim, Debbie Cooke stated the following:

> These guns were my father's guns. Steven Walter Cooke is my brother and we share the same father. Walter Gray Cooke, our father died in 1999 and Steven was given my dad's guns. Now that Steven is in jail, I would like to have my dad's guns to put up to pass down to my children.

(Dkt. Entry No. 17, Ex. C.)

On April 7, 2009, the Government filed a verified complaint for forfeiture *in rem* against twelve of the firearms and the assorted rounds of ammunition seized (the "defendant properties"). The complaint alleges that the "defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) because the[] firearms and ammunition were involved in or used in a knowing violation of 18 U.S.C. § 922(g)(1)." (Dkt. Entry No. 1). At the time of the complaint, S. Cooke was in federal custody. Notification of the instant action was sent to him at the Joe Corley Detention Center where he was being jailed and at his residence in Tomball, Texas. Notification was also sent to Debbie and Ima Cooke at their respective addresses.

On May 20, 2009, a Southern District of Texas federal grand jury charged S. Cooke with being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He subsequently pled guilty to the aforementioned offense pursuant to a plea agreement and thereafter, a sentence was imposed.

On June 22, 2009, Ima Cooke filed a *pro se* notice of claim contesting the Government's attempt to forfeit the defendant properties and seeking recovery of them. On July 14, 2009, she filed an answer to the Government's complaint for forfeiture.

On September 21, 2010, the Government moved for summary judgment, asserting that no genuine issue of material fact exists necessitating a trial in this action. In support of its motion, it argues that the affidavit of ATF Agent Boehning, the indictment and S. Cooke's conviction establish by a preponderance of the evidence that the defendant properties were involved in a violation of 18 U.S.C. § 922(g)(1) and as such, are subject to forfeiture. It further contends that

Ima Cooke, in spite of her claim, lacks standing to contest its forfeiture and that it has complied with all legal prerequisites for forfeiture of the defendant properties. On November 5, 2010, the Government sent notice to Ima Cooke advising her of its pending motion for summary judgment as well as the consequences associated with her failure to file a response to its motion.[2] To date, neither Ima Cooke nor any other claimant has filed a response to the Government's motion.

## III.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that

---

[2] A copy of the motion for summary judgment and its attachments was also mailed to Ima Cooke, via first class, certified mail, return receipt requested, on September 22, 2010, at her address in Tomball, Texas.

evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Rather, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nevertheless, the reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir.

2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

## IV. ANALYSIS AND DISCUSSION

### A. Whether the Claimant Has Standing?

"As a predicate to any action before a federal court, parties must establish that they have proper standing to raise a claim." *United States v. 8,720.00*, No. 00-20929, 2001 WL 822496, * 1 (5th Cir. 2001) (quoting *United States v. $38,570 United States Currency,* 950 F.2d 1108, 1111 n. 3 (5th Cir. 1992)). The Fifth Circuit has reasoned that "the burden of establishing standing to contest forfeiture is on the claimant seeking to come before the court." *Kadonsky v. United States,* 216 F.3d 499, 508 (5th Cir. 2000) (quoting *United States v. $9,041,598.68* (*Nine Million Forty One Thousand Five Hundred Ninety Eight Dollars and Sixty Eight Cents*), 163 F.3d 238, 245 (5th Cir. 1998)). Although a claimant need not establish the merit of her claim, she "must, however, be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and the prudential considerations defining and limiting the role of the court." *Id.* In other words, "the claimant must come forward with *some* evidence of [her] ownership interest in order to establish standing to contest a forfeiture." *$38,570*, 950 F.2d at 1112. "[A] bare assertion of ownership in the *res*, without more, is inadequate to prove an ownership interest sufficient to establish standing." *Id.* Furthermore, "[w]hile the fact that property was seized from a claimant is prima facie evidence of [her] entitlement to it, the claimant must, nevertheless, come forward with additional evidence of ownership *if* there are serious reasons to doubt [her] right to the property." *$8,720.00*, 2001 WL 822496, at *1 (quoting *$38,570,* 950 F.2d at 1112 n. 5).

In this case, Ima Cooke, S. Cooke's mother, filed a *pro se* notice of claim seeking to recover the defendant properties subject to forfeiture. In support of her claim, she stated as follows:

> Claimant has an interest in the property subject to this forfeiture action . . . . The guns were part of Claimant's marital estate and passed to her share of community property upon her husband's death. The guns were left to Claimant by her husband. The guns were stored at Claimant's home located at 124 Gunn Road, Rye, Texas 77369 until she was displaced by Hurricane Ike, whereupon the guns were brought to her other home located at 27826 Red Fox Road, Tomball, Texas and stored in a gun safe. The guns were kept at that home until their seizure by ATF agents. Claimant's interest in the seized property is genuine and this claim is not frivolous.

(Dkt. Entry No. 8).

The Government, in contrast, has proffered evidence establishing that there are serious reasons to doubt Ima Cooke's right to the defendant properties seized in this instance and Ms. Cooke has failed to rebut any of them. Although she claims that the twelve guns "were left to [her] by her husband" and "were part of [her] marital estate and passed to her share of community property upon her husband's death," she has failed to come forward with any evidence giving her legal title and/or ownership under any laws of descent and distribution. The evidence in the record establishes that Ima Cooke and Walter Gray Cooke, S. Cooke's father, though married on December 13, 1961, were divorced on April 13, 1978. (Dkt. Entry No. 17, Ex. B.) The divorce decree, on its face, does not purport to award Ima Cooke any firearms and/or ammunition. In addition, a copy of Walter Gray Cooke's newspaper obituary notice, filed as an attachment to Debbie Cooke's Seized Asset Claim Form during the ATF's administrative proceeding, indicates that Walter Cooke died on August 3, 1999, without a surviving spouse. (*Id.*, Ex. C.) Thus, based on the foregoing, Ima Cooke could not have inherited the firearms and

ammunition as "part of [her] marital estate . . . [as] her share of community property upon her husband's death."

Moreover, Ima Cooke acknowledged, under oath, that her ex-husband wanted her to give S. Cooke the firearms and that she did, in fact, give S. Cooke approximately eighteen guns. Specifically, during S. Cooke's jury trial on April 22, 2009, in the United States District Court for the Eastern District of Texas, styled and numbered, *United States v. Steven Walter Cooke*, Case No. 9:08-cr-40, the following colloquy occurred, when Ima Cooke was called to testify regarding the events that took place on October 23, 2008:

### Direct Examination of Ima Cooke

Mr. Moss [defense counsel]: Okay. And did [the law enforcement officers] ask you if there was firearms in the house?

Mrs. Cooke: Yeah. I told them that when my husband died - - ex-husband- - that he wanted me to give Steve his hunting guns, and I did.

Mr. Moss: Okay. And did Steve ever take possession of those guns, or did they always stay at your house in Rye?

Mrs. Cooke: They were at my house in Rye.
Mr. Moss: And - -
Mrs. Cooke: But after the house was destroyed, we brought them back to Tomball.
. . .

### Cross-Examination of Ima Cooke

Mr. Morin [government]: Mrs. Cooke, how many hunting guns did you give Mr. Cooke your son, Steve?

Mrs. Cooke: I think there was about 18.

(*Id.*, Ex. D at 12:13 – 13:5.) S. Cooke's ownership of the firearms is consistent with the fact that the defendant properties were found in his bedroom in a locked gun safe to which both Ima

Cooke and S. Cooke's wife denied having access. Therefore, Ima Cooke's unsupported assertion of ownership, without more, is not enough to establish a facially colorable interest in the defendant properties sufficient to confer standing.

### B. Whether the Government Has Established Probable Cause for Forfeiture?

In a civil forfeiture action, the Government bears the initial burden of establishing probable cause for its belief that "a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute." *$9,041,598.68*, 163 F.3d at 246. Probable cause is defined as "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. One 1978 Chevrolet Impala VIN-1L69U8S156817*, 614 F.2d 983, 984 (5th Cir. 1980) (internal citations omitted). If the Government meets its burden and establishes probable cause, "the burden of proof shifts, and any claimant to the property must establish either that a defense to the forfeiture applies or that the property is not subject to forfeiture." *United States v. One Afghan Urial Ovis Orientalis Blanfordi Fully Mounted Sheep*, 964 F.2d 474, 476 - 77 (5th Cir. 1992) (citing *United States v. Little Al,* 712 F.2d 133, 136 (5th Cir. 1983)). "If unrebutted, [the] showing of probable cause alone will support a forfeiture." *United States v. Lot 9, Block 2 of Donneybrook Place,* 919 F.2d 994, 997 - 98 (5th Cir. 1990) (internal citation omitted).

As previously set forth, the Government instituted the instant proceedings pursuant to 18 U.S.C. §924(d)(1), which permits, *inter alia*, forfeiture for violations of various subsections of § 922. The Government contends that "the defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) because the[] firearms and ammunition were involved in or used in a knowing violation of 18 U.S.C. § 922(g)(1)." (Dkt. Entry No. 1). The language of § 924(d)(1) clearly allows for seizure and forfeiture for violations of § 922(g). Indeed, Section 924(d)(1)

provides that "[a]ny firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922 . . . or knowing violation of section 924, or willful violation of any other provision of this chapter . . . shall be subject to seizure and forfeiture." Thus, the Government may attain forfeiture for a "knowing" violation of § 922(g).

S. Cooke was indicted on May 20, 2009, with being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He pled guilty to the aforementioned offense on February 16, 2010, pursuant to a plea agreement and thereafter, a sentence was imposed. The Government has demonstrated "a substantial connection" between the defendant properties and the crime of being a felon in possession of a firearm. Therefore, probable cause exists to forfeit the defendant properties under 18 U.S.C. §924(d)(1). The claimant, on the other hand, has not set forth a defense or any facts to establish otherwise and thus, has failed to raise a genuine issue of material fact as to whether forfeiture in this instance is appropriate.

**V.    CONCLUSION**

Based on the foregoing discussion, the Government's motion for summary judgment is GRANTED. Accordingly, the defendant properties are forfeited to the United States of America pursuant to 18 U.S.C. §924(d)(1) and shall be legally disposed of according to law.

It is so **ORDERED**.

SIGNED at Houston, Texas this 24th day of November, 2010.

_____
Kenneth M. Hoyt
United States District Judge